IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZACHARY MICHEAL ALLEN ASHER                                          PLAINTIFF

V.                      Case No. 4:25-CV-00619-KGB-BBM

SALINE COUNTY JAIL; RODNEY
WRIGHT, Sheriff, Saline County; and
KNIGHT, Sergeant, Badge #2927,
Saline County Jail                                                   DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.     DISCUSSION

On June 18, 2025, Plaintiff Zachary Micheal Allen Asher, an inmate then incarcerated in the Saline County Jail, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Doc. 2). The Complaint was accompanied by a blank and unsigned Motion to Proceed *In Forma Pauperis* ("IFP Motion"). (Doc. 1).

By Order dated June 23, 2025, Asher was directed to file a completed IFP Motion or pay the $405 filing and administrative fees within thirty days, as required by 28 U.S.C. § 1915. (Doc. 3). The Order directed the Clerk's office to mail Asher a blank IFP Motion and ordered detention center officials to assist Asher in completing the necessary forms. *Id.* at 3–4. Importantly, the June 23 Order informed Asher of his duty, under Local Rule 5.5(c)(2), to diligently prosecute his case and cautioned Asher that, if he failed to timely comply with the Order, his case would be dismissed without prejudice. *Id.* at 1, 3.

Shortly before time expired for Asher to comply with the June 23 Order, Asher filed a Notice of Change of Address. (Doc. 4). So, by Order dated August 28, 2025, the Court provided Asher additional time—until September 17, 2025—to submit a completed IFP Motion. (Doc. 5). Another copy of the June 23 Order was sent to Asher along with another blank IFP Motion.

Under Local Rule 5.5(c)(2), Asher has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3) prosecute his case diligently. Additionally, Local Rule 5.5(c)(2) provides that, if any communication from the Court to a *pro se* plaintiff, like Asher, is not responded to within 30 days, the case may be dismissed without prejudice. *Id.*

Despite being given additional time to do so, Asher has not complied with the June 23 Order. Moreover, Asher has not provided the information necessary to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915(a)(1)–(2), or paid the filing and administrative fees, 28 U.S.C. § 1914. Accordingly, it is recommended that this case be dismissed without prejudice.

## II.     CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Asher's Complaint, (Doc. 2), be DISMISSED without prejudice for failure to prosecute.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 18th day of September, 2025.

_____
UNITED STATES MAGISTRATE JUDGE